UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN TARANTINO,
    Plaintiff

v.     Civil Action No. 10-30004-MAP

MICHAEL J. ASTRUE,
Commissioner of Social
Security Administration,
    Defendant

REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S
MOTION TO REVERSE THE DECISION OF THE COMMISSIONER and
DEFENDANT'S MOTION FOR AN ORDER AFFIRMING THE
DECISION OF THE COMMISSIONER (Document Nos. 9 and 11)
February 8, 2011

NEIMAN, U.S.M.J.

This is an action for judicial review of a final decision by the Commissioner of the Social Security Administration ("Commissioner") regarding an individual's entitlement to Supplemental Security Income ("SSI") pursuant to 42 U.S.C. §§ 405(g) and 1381(c)(3). John Tarantino ("Plaintiff"), proceeding *pro se*, asserts that the Commissioner's decision denying him such benefits -- memorialized in a December 12, 2007 decision of an administrative law judge -- is not based on substantial evidence of record and is predicated upon errors of law. Plaintiff has filed a motion to reverse the decision of the Commissioner and the Commissioner, in turn, has moved to affirm.

The parties' cross motions have been referred to this court for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B). For the following reasons, the court

will recommend that Plaintiff's motion to reverse be denied and the Commissioner's motion to affirm be allowed.

## I. STANDARD OF REVIEW

A court may not disturb the Commissioner's decision if it is grounded in substantial evidence. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind accepts as adequate to support a conclusion. *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981). The Supreme Court has defined substantial evidence as "more than a mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Thus, even if the administrative record could support multiple conclusions, a court must uphold the Commissioner's findings "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." *Ortiz v. Sec'y of Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991) (citation and internal quotation marks omitted).

The resolution of conflicts in evidence and the determination of credibility are for the Commissioner, not for doctors or the courts. *Rodriguez,* 647 F.2d at 222; *Evangelista v. Sec'y of Health & Human Servs.*, 826 F.2d 136, 141 (1st Cir. 1987). A denial of benefits, however, will not be upheld if there has been an error of law in the evaluation of a particular claim. *See Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In the end, the court maintains the power, in appropriate circumstances, "to enter . . . a judgment affirming, modifying, or reversing the [Commissioner's] decision" or to "remand [ ] the cause for a rehearing." 42 U.S.C. §

2

405(g).

## II. BACKGROUND

Since the parties are familiar with the pertinent facts, only a brief outline is required. Plaintiff filed his application for SSI benefits on May 1, 2006, alleging disability beginning on February 1, 2005. (Administrative Record ("A.R.") at 89-94.) After Plaintiff's claim was denied both initially and upon reconsideration, he requested a hearing in front of an administrative law judge (hereinafter "the ALJ"), which hearing was held on December 7, 2007. (A.R. at 19-46, 56-60.) At the hearing, both Plaintiff and a vocational expert testified. (A.R. at 19-46.)

Five days later, on December 12, 2007, the ALJ issued a written decision in which he found Plaintiff "not disabled." (A.R. at 10-18.) Plaintiff requested review by the Appeals Council, which request was denied on November 9, 2009, thereby making the ALJ's decision final and ripe for this judicial review. (A.R. at 1-3, 6.)[1]

In his *pro se* complaint, Plaintiff asserts, as he did in his initial application, that he is disabled due to mental health problems, *i.e.*, bipolar disorder. (A.R. at 100; Compl. ¶ 6.) Plaintiff also alleged "back problems" which he labels his "physical impairments." (A.R. at 100; Pl's Motion to Reverse Decision of Def. Comm'r ("Pl.'s Motion") at 1.) Unfortunately for his cause, however, Plaintiff does not specify how the ALJ allegedly erred in finding him not disabled. Rather, Plaintiff simply asserts in a five-sentence, handwritten memorandum that, due to his "mental and physical

---

[1] No explanation is given as to why it took nearly two years for the Appeals Council to deny review.

impairments," he "has been unable to engage in substantial gainful activity, and has not engaged in such activity[,] since February [1], 2005." (Pl.'s Motion at 1.)

III. DISCUSSION

An individual is entitled to SSI benefits if, among other things, he is under a disability and has a financial need. *See* 42 U.S.C. § 1381a. Plaintiff's need is not challenged. For the following reasons, however, the court will recommend affirming the Commissioner's decision that Plaintiff is not disabled.

A. Disability Standard and the ALJ's Decision

The Act defines disability, in part, as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). An individual is considered disabled under the Act

> only if his physical and mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A). *See generally Bowen v. Yuckert*, 482 U.S. 137, 146-49 (1987).

In determining disability, the Commissioner follows the five-step protocol described by the First Circuit as follows:

> First, is the claimant currently employed? If he is, the

> claimant is automatically considered not disabled.
>
> Second, does the claimant have a severe impairment? A "severe impairment" means an impairment "which significantly limits the claimant's physical or mental capacity to perform basic work-related functions." If he does not have an impairment of at least this degree of severity, he is automatically not disabled.
>
> Third, does the claimant have an impairment equivalent to a specific list of impairments in the regulations' Appendix 1? If the claimant has an impairment of so serious a degree of severity, the claimant is automatically found disabled.
>
> . . . .
>
> Fourth . . . does the claimant's impairment prevent him from performing work of the sort he has done in the past? If not, he is not disabled. If so, the agency asks the fifth question.
>
> Fifth, does the claimant's impairment prevent him from performing other work of the sort found in the economy? If so he is disabled; if not he is not disabled.

*Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6-7 (1st Cir. 1982).

In the instant case, the ALJ found as follows with respect to these questions: Plaintiff had not engaged in substantial gainful activity since the alleged onset of his disability (question one); his "severe" impairments were back problems, neck pain, and bipolar disorder (question two); these impairments did not meet or medically equal one of the listed impairments in Appendix 1 (question three); Plaintiff has no past relevant work (question four), but has the residual functional capacity to perform other work found in the national economy, namely, work as an assembler, inspector, or sorter. (A.R. at 12-17.) As a result, the ALJ concluded that Plaintiff did not suffer from a disability. (A.R. at 17-18.)

5

B.  Plaintiff's Challenge to the ALJ's Decision

As noted, Plaintiff gives absolutely no argument as to how the ALJ allegedly erred in finding him not disabled.  Rather, Plaintiff simply makes the conclusory assertion in his short memorandum that, due to his "mental and physical impairments," he "has been unable to engage in substantial gainful activity, and has not engaged in such activity[,] since February [1], 2005."  (Pl.'s Motion at 1.)

Plaintiff's failure to make any argument is reason enough to deny his motion to reverse and, concomitantly, allow the Commissioner's motion to affirm.  *See Nikijuluw v. Gonzales*, 427 F.3d 115, 120 n.3 (1st Cir. 2005) (deeming waived "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation"); *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) (explaining that "[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work").  This is so, even taking into account the leniency the court extends to *pro se* litigants.  *See Watson v. Trans Union LLC*, 223 Fed. Appx. 5, 2007 WL 613724, at *2 (1st Cir. Mar. 1, 2007) (noting that "while pro se litigants are held to a less stringent standard, they are not immune from [the] requirements" of making at least some attempt at legal argument) (citations omitted).

In any event, as the Commissioner points out in great detail, the ALJ's decision denying Plaintiff SSI benefits is supported by substantial evidence.  For example, with regard to Plaintiff's alleged physical impairments, the Commissioner notes the following:  that the ALJ found Plaintiff fully capable of performing a variety of sedentary work, that the ALJ's residual functional capacity assessment was supported by several

6

state agency physicians, and that, despite his testimony to the contrary, Plaintiff did not actually suffer from three herniated disks. And when the ALJ asked him why he felt he could not perform a job with heavy lifting, Plaintiff simply responded that he believed that employers would not hire him because of a perceived gap in his employment history when he worked "under the table." (A.R. at 32.) Moreover, as the Commissioner points out, the record does not reflect that Plaintiff has ever been treated, let alone hospitalized, for any mental impairments.

In addition, even though Plaintiff raises no legal challenge to the administrative hearing itself, it is quite apparent that the ALJ properly assessed Plaintiff's credibility, *see Ortiz*, 955 F.2d at 769, adequately analyzed his subjective complaints of pain, *see Avery v. Sec'y of Health & Human Servs.*, 797 F.2d 19, 28-29 (1st Cir. 1986), and posed an appropriate hypothetical question to the vocational expert, *see Arocho v. Sec'y of Health & Human Servs.*, 670 F.2d 374, 375 (1st Cir. 1982). At most, Plaintiff implies that the Commissioner's decision was "compromised" because the ALJ allegedly found him not disabled only as of May 1, 2006 (the date of his application) and not as of February 1, 2005 (the date he claims he became unable to engage in substantial gainful activity). (Pl.'s Motion at 2.) However, Plaintiff neglects to mention that the ALJ affirmatively considered all of the evidence of record, including treatment notes dating back to March of 2005, and correctly found no disability during any of that time. (A.R. at 12.) *See also* 20 C.F.R. § 416.202(g) (describing application filing as trigger for SSI disability benefits). In short, the court believes that there is simply no reason to reverse the ALJ's well-considered decision, based as it is on substantial

evidence of record.

IV. CONCLUSION

For the foregoing reasons, the court recommends that Plaintiff's motion to reverse be DENIED and that the Commissioner's motion to affirm be ALLOWED.[2]

DATED: February 8, 2011

      /s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge

---

[2] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.